# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WAYMAN LEE BOYINGTON, ) | |
| Register No. 176633, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4151-CV-C-NKL |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

     Plaintiff Wayman Lee Boyington, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are Dave Dormire, David Webster, Sandy Duncan, Neil Mitchell and Steve Long.

     Plaintiff complains his watch was confiscated and that he was issued a false conduct violation.

     Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Dockets.Justia.com

Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took his property.  Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages.  Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished).  Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion.  Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984).  See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982).  Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities.  See Harris v. Munoz, 2001 WL 118147 (Mo. App. Feb. 13, 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002).  This statute gives state judges the discretion to waive costs and fees for indigent parties.  Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's claims that he was wrongfully issued a conduct violation are, in essence, due process claims.  To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment.  Paul v. Davis, 424 U.S. 693, 710-12 (1976).  The Due Process Clause does not protect prisoners from every adverse change in their confinement.  Sandin v. Connor, 515 U.S. 472, ___, 115 S. Ct. 2293, 2297 (1995).  If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. Montanye v. Haymes, 427 U.S. 236, 242 (1976).  See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population).  Disciplinary action

2

taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." Sandin, 115 S. Ct. at 2301.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation. Id. at 2299-2300. Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. Id. at 2301.

Accordingly, any liberty interest plaintiff may have must be an interest in the nature of his confinement. There is no liberty interest in the use of certain procedures. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")).

Moreover, an inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001). It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship. Phillips v. Norris, 320 F.3d at 847.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 3rd day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge